UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
YANPING CHEN
2122 21st Road North
Arlington, Virginia 22201,

                        Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATION
935 Pennsylvania Avenue NW
Washington, DC 20535,

U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue NW
Washington, DC 20530,

U.S. DEPARTMENT OF DEFENSE
The Pentagon
Washington, DC 20301,

and

U.S. DEPARTMENT OF HOMELAND SECURITY
245 Murray Lane SW
Washington, DC 20528,
                        Defendants.
------------------------------------------------------------X

Case No: 20-MC-344

Civil Action 18-CV3074
(pending in the District of Columbia)

## DECLARATION OF STEPHEN J. RHOADS

I, Stephen J. Rhoads, pursuant to 28 U.S.C. § 1746, declare and state as follows:

    1.    I am an adult and resident of Fredericksburg, Virginia.

    2.    I have personal knowledge of the matters related below.

    3.    I submit this declaration in support of my motion to quash the subpoena served on T-Mobile by Plaintiff Yanping Chen in *Chen v. Federal Bureau of Investigation, et al.*, Case No. 18-cv-3074 (CRC) (D. District of Columbia), on or about September 30, 2020.

4.   I am on active duty in the U.S. Army. I am a technical expert in aviation maintenance and project management and am stationed in Richmond, Virginia.

5.   From approximately 2009 to 2014, I worked part-time at the University of Management and Technology ("UMT"). My work at UMT consisted of recruiting servicemembers and veterans for the school.

6.   At no time relevant to Ms. Chen's lawsuit did my official duties and responsibilities include conducting criminal or counter-intelligence investigations, assisting law enforcement, or maintaining records of criminal, counterintelligence, or law enforcement investigations. I did not participate in the FBI's searches of Ms. Chen's home and office in December 2012. My official duties and responsibilities have never included immigration issues or maintaining immigration or citizenship records.

7.   When Ms. Chen served me with a subpoena in April of this year, I was directed by my employer, the U.S. Department of Defense ("DOD"), to produce only personal capacity records. It was and is my understanding that DOD has or will be responding to Ms. Chen's discovery request for my official capacity records.

8.   My cell phone is my personal device. It is not DOD property, and DOD does not subsidize or help pay for the phone's expense. I pay for the phone myself.

9.   I use my cell phone for all of my regular, day-to-day communications, including, as permitted, my official, U.S. military communications. I do not have a land line.

10.  The records Ms. Chen seeks through her subpoena to T-Mobile include records of my calls and texts to and from my wife, children, parents, siblings, other family members,

//

//

friends, neighbors, supervisors (including U.S. Army Flag officers), subordinates, co-workers, health care providers, financial advisors, attorneys, and clergy, among countless others.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on October 13, 2020 in Fredericksburg, Virginia.

By: _____
Stephen J. Rhoads