**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

YANPING CHEN
2122 21st Road North                                              Case No: 20-MC-344
Arlington, Virginia 22201,
                              Plaintiff,                          Civil Action 18-CV3074
                                                                 (pending in the District of Columbia)
v.

FEDERAL BUREAU OF INVESTIGATION
935 Pennsylvania Avenue NW
Washington, DC 20535,

U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue NW
Washington, DC 20530,

U.S. DEPARTMENT OF DEFENSE
The Pentagon
Washington, DC 20301,

and

U.S. DEPARTMENT OF HOMELAND SECURITY
245 Murray Lane SW
Washington, DC 20528,
                              Defendants.

------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY STEPHEN J. RHOADS'**
**MOTION TO QUASH SUBPOENA _DUCES TECUM_ SERVED ON T-MOBILE**


The Law Offices of Neal Brickman, P.C.
Local Counsel for Non-Party Rhoads
Neal Brickman (NB0874)
Ethan Leonard (EL2497)
420 Lexington Avenue – Suite 2440
New York, New York 10170
(212) 986-6840
ethan@brickmanlaw.com

Non-Party Chief Warrant Officer Stephen J. Rhoads ("Rhoads"), through his undersigned counsel, respectfully submits this Memorandum of Law in support of his motion seeking an Order pursuant to Rule 45 of the Federal Rules of Civil Procedure ("FRCP") quashing the subpoena *duces tecum* served on T-Mobile by Yanping Chen, the plaintiff in *Chen v. Federal Bureau of Investigation, et al.*, Case No. 18-cv-3074 (CRC) (D. District of Columbia) (the "Subpoena"), and for such other and further relief as the Court may deem just and proper.

I.     **Preliminary Statement**.

The instant subpoena is the second subpoena that Plaintiff has promulgated against Rhoads, a non-party who is not even mentioned in the Complaint.  Rhoads has already responded to a subpoena directed to him.  Now, in further retaliation against Rhoads for having spoken to the FBI about Plaintiff and participated in an investigation conducted by the Federal Government of the United States, Plaintiff seeks telephonic and other electronic communications from over eight (8) years of Rhoads' life, without even making a shadow of an effort to narrow the Subpoena to any information even plausibly relevant to the allegations made on the Complaint. Plaintiff blithely asks the Court to permit disclosure of the entirety of a non-party's personal – and as permitted by his employer – and professional communications for a period of eight (8) years, including communications with his family, including minors, and communications involving medical matters, legal matters, spiritual matters (each of which are indubitably privileged).  This overbreadth is in of itself a proper basis for quashing the instant Subpoena. However, as set forth more fully below, it is also clear that the Subpoena is not reasonably – or arguably, at all – tied to any allegation in the Complaint.  It is simply an abusive, retaliatory act: one that should not be condoned by this Court.

II.   **Background.**

Chief Warrant Officer Stephen J. Rhoads is on active duty in the U.S. Army.  Declaration of Stephen J. Rhoads ("Rhoads Decl."), para. 4.  He is a technical expert in aviation maintenance and project management and is stationed in Richmond, Virginia.  *Id.*

In December 2018, Yanping Chen sued the Federal Bureau of Investigation ("FBI"), U.S. Department of Justice, U.S. Department of Defense ("DOD"), and U.S. Department of Homeland Security ("DHS") in the U.S. District Court for the District of Columbia for alleged violations of the Privacy Act, 5 U.S.C. § 552a, *Chen v. Federal Bureau of Investigation, et al.*, Case No. 18-cv-3074 (CRC) (D. District of Columbia).  Declaration of Paul J. Orfanedes ("Orfanedes Decl."), para. 7 & Ex. 1 thereto ("Compl.").  Chief Rhoads is not a party to Chen's lawsuit.  *Id.*, Ex. 1.  According to Chen's Complaint, she was the subject of a six-year FBI counterintelligence investigation.  Compl., paras. 15-16 & Ex. B thereto.  She alleges that a person or persons at one of the federal agencies named as defendants in her lawsuit disclosed photographs and other records from the investigation to Fox News, which published them in reports aired in February, May, and June 2017.  *Id.*, 24-32 & Exs. B, D, and E thereto.  Also according to the Complaint, the photographs and at least some of the other records at issue were seized by the FBI when FBI agents executed search warrants at Chen's home and office in December 2012.  *Id.*, paras. 17-21 and 23.  Chen, who was born in China, also alleges that her immigration records were disclosed to Fox News.  *Id.*  at paras. 11 and 27.

Among the elements Chen must prove to prevail on her Privacy Act claim is that records pertaining to Chen were contained in a "system of records" under the defendant agency's control and the defendant agency intentionally or willfully disclosed the records, without Chen's prior written consent, causing her to suffer "actual damages."  *Krieger v. Fadely*, 211 F.3d 134, 136

(D.C. Cir. 2000); 5 U.S.C. 552a(b).  Chen cannot identify who allegedly disclosed the photographs and other records to Fox News.  She alleges "on information and belief" that "one or more agents of the FBI (or, possibly, other Defendants)" disclosed the records to "one or more persons associated with Fox News."  Compl., para. 23.  She further alleges that "at least some and likely all" the disclosed records were maintained by "the FBI, DHS, and/or other Defendants," but identifies only "systems of records" maintained by the FBI and DHS.  *Id.*, para. 51-53.  She does not identify any "systems of records" maintained by Chief Rhoads' employer, DOD, or make any specific claim that records maintained by DOD in a "system of records" were disclosed to Fox News.

Unable to plead these most basic facts, especially with respect to Chief Rhoads' employer, Chen has embarked on a fishing expedition to try to identify the source of the disclosure to Fox News.  The challenged subpoena seeks discovery from one non-party, T-Mobile, about another non-party, Chief Rhoads.

From approximately 2009 to 2014, Chief Rhoads worked part-time at the University of Management and Technology ("UMT"), an entity founded and owned by Chen.  Rhoads Decl., para. 5; Compl., paras. 13 and 14.  The Complaint alleges that UMT is an "educational institution that provides post-secondary and graduate education to working adults."  Compl., para. 13.  According to the Complaint, a significant portion of UMT's students are U.S. military servicemembers, and UMT has collected more than $6 million from the federal government by participating in the U.S. Department of Defense and U.S. Department of Veterans Affairs tuition assistance programs.  *Id.*, para. 42 & Ex. B thereto.  Chief Rhoads' work at UMT consisted of recruiting servicemembers and veterans for the school.  Rhoads Decl., para. 5.

According to the Fox News reports, which are included in Chen's Complaint, the FBI approached Chief Rhoads in 2012 and asked him to provide assistance in its investigation of Chen.  Compl., Ex. B thereto.  Also according to the reports, Chief Rhoads told Fox News that Chen told him she had been a colonel in the Chinese army before coming to the United States. *Id.*

At no time relevant to Chen's lawsuit did Chief Rhoads' official duties and responsibilities include conducting criminal or counter-intelligence investigations, assisting law enforcement, or maintaining records of criminal, counterintelligence, or law enforcement investigations.  Rhoads Decl., para. 6.  He did not participate in the searches of Chen's home and office in December 2012.  *Id.*  Nor has Chief Rhoads' official duties and responsibilities included immigration issues or maintaining immigration or citizenship records.  *Id.*  The only reason Chen appears to have targeted Chief Rhoads is because he cooperated with the FBI's investigation multiple years before any of the purported "leaks" alleged in the Complaint and was interviewed by Fox News.

### III.   <u>Procedural History</u>.

On April 7, 2020, Chen served a 14-part document subpoena on Chief Rhoads seeking communications between Chief Rhoads and Fox News and communications referencing Chen, among other items.  Orfanedes Decl., para. 8 & Ex. 2 thereto.  The subpoena was directed to Chief Rhoads in his personal capacity, not his official capacity.  He was directed by his employer, Defendant U.S. Department of Defense, to produce only personal capacity records.  Rhoads Decl., para. 7.  It was and is Chief Rhoads' understanding that his employer has or will be producing any official capacity records.  *Id.*

Chief Rhoads responded to the subpoena on May 21, 2020, producing over one hundred pages of records that included emails and text messages he exchanged with Fox News' Catherine Herridge between November 2016 and November 2019.  Orfanedes Decl., para. 3.  He also produced emails he sent to Chen in 2011 and to an FBI official in 2013, as well as texts exchanged with Fox News producer Pamela Browne.  *Id.*  Included among the records Chief Rhoads produced were records showing the telephone numbers Chief Rhoads used to communicate with both Herridge and Browne.  *Id.*  On June 18, 2020, Chief Rhoads provided a supplemental production that lifted redactions made to a handful of records produced in May 2020 and also produced a single text message inadvertently omitted from the May 2020 production.  *Id.*, para. 4.

A dispute also arose in June 2020 between Chen and Chief Rhoads about whether Chen's subpoena required Chief Rhoads to produce call logs.  Orfanedes Decl., para. 5.  Chen asserted that the subpoena demanded the production of call logs of communications about particular subjects, including Chen, UMT, and the FBI investigation, and with particular individuals, including Herridge.  *Id.*  Chief Rhoads disputed that the subpoena required him to produce call logs.  *Id.*  He also disputed that the subpoena required him to request and obtain such logs from his cellular telephone carrier.  *Id.*  And obviously, because call logs do not reflect the content of any communication, it would have been impossible to produce call logs of communications about any particular subject.  Chen never asserted that the subpoena required Chief Rhoads to produce or obtain logs of text messages.

On September 30, 2020, Chen subpoenaed Chief Rhoads' cellular telephone carrier, T-Mobile, for the following records:

**Request No. 1:**

Produce call logs, call histories, or other documents such as billing or monthly statements sufficient to identify all incoming and outgoing calls to and from [Chief Rhoads' cell number] [from December 1, 2012 until the present], including the telephone numbers called or from which each call was received, the date and time of each call, and the duration of each call.

**Request No. 2:**

Produce text message or SMS logs, text message or SMS histories, or other documents such as billing or monthly statements sufficient to identify the transmission of all incoming and outgoing text or SMS messages sent to and received by [Chief Rhoads' cell number] [from December 1, 2012 until the present], including the telephone numbers to which the message was sent or from which it was received, the date and time the message was sent or received.

Orfanedes Decl., para. 9 & Ex. 3 thereto.

The T-Mobile subpoena goes far beyond the scope of what Chen claimed Chief Rhoads was required to produce under the original subpoena, as well as the subject matter of Chen's lawsuit. It seeks call logs for every single telephone call to or from Chief Rhoads over nearly an 8-year period, December 1, 2012 to the present. Orfanedes Decl., para. 9 & Ex. 3. It also seeks logs of every single text message to or from Chief Rhoads – something Chen never argued the original subpoena required – over this same 8-year period. *Id.* It could be read to require the production of the *content* of Chief Rhoads' texts.[1] It also seeks bills, which the original subpoena did not. *Id.*

Chief Rhoads' cell phone is his personal device. Rhoads Decl., para. 8. It is not DOD property, and DOD does not subsidize or help pay for the phone's expense. *Id.* Chief Rhoads pays for the phone himself. *Id.*

---

[1]     The cover letter accompanying the subpoena disavows that the subpoena seeks the content of any communications. The subpoena itself, however, is ambiguous. Accordingly, Chief Rhoads addresses the issue of content out of an abundance of caution.

Chief Rhoads uses his cell phone for all of his regular, day-to-day communications, including, as permitted, his official, U.S. military communications. Rhoads Decl., para. 9. He does not have a land line. *Id.* As a result, the subpoena encompasses every single telephone call and every single text sent or received by Chief Rhoads over the specified period. It includes calls and texts sent to or from Chief Rhoads' wife, children, parents, siblings, other family members, friends, neighbors, supervisors (including U.S. Army Flag officers), subordinates, co-workers, health care providers, financial advisors, attorneys, and clergy, among countless others. *Id.*, para. 10. The subpoena's return date is October 28, 2020, at Chen's counsel's office in Manhattan. Orfanedes Decl., para. 9 & Ex. 3 thereto.

## IV.   Argument.

### A.   The Place of Compliance Is the Southern District.

Rule 45 of the FRCP allows a party to serve a subpoena on a non-party for the production of documents. Fed. R. Civ. P. 45(a)(1). It also allows motions to quash or modify a subpoena. Fed. R. Civ. P. 45(d)(3). Motions to quash are to be filed in "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3)(A) & (B). The place of compliance is the location where the subpoena directs the documents to be sent. *See*, *e.g.*, *Collins v. Koch Foods, Inc.*, Case No. MC 119-008, 2019 U.S. Dist. LEXIS 101798 at **3-4 (S.D. Ga. June 18, 2019). As the place of compliance for the T-Mobile subpoena is Chen's counsel's office in Manhattan, this Court has jurisdiction to hear Chief Rhoads' motion to quash. *Id.*

### B.   Chief Rhoads Has Standing.

Chief Rhoads plainly has standing to challenge the subpoena served on T-Mobile. Numerous courts have recognized that a cellular telephone user has a personal interest in the privacy of his or her cell phone records such that the user may move to quash a subpoena for

those records.  *See*, *e.g.*, *Kizer v. Starr Indemnity & Liability Co.*, Case No. Civ-18-846-D, 2019 U.S. Dist. LEXIS 76320 at *7 (W.D. Okla. May 6, 2019); *Hawaii Regional Council of Carpenters v. Yoshimura*, Civ. No. 16-00198 ACK-KSC, 2017 U.S. Dist. LEXIS 22733 at **5-6 (D. Haw. Feb. 17, 2017); *Ademiluyi v. Phillips*, Case No. 2:14-cv-00507-MMD-CWH, 2014 U.S. Dist. LEXIS 173739 at *2 (D. Nev. Dec. 12, 2014); *Syposs v. United States*, 181 F.R.D. 224, 227-28 (W.D.N.Y. 1998).  The call logs sought by Chen's subpoena are logs of Chief Rhoads' calls, and the text logs are logs of Chief Rhoads' texts.  The bills and monthly statements are Chief Rhoads' bills and statements.  To the extent the subpoena seeks the content of any texts, the texts are Chief Rhoads' texts.  Accordingly, Chief Rhoads has standing to challenge Chen's subpoena to T-Mobile.  *Id.*

### C.    The Subpoena Must be Quashed.

Rule 45 requires a subpoena be quashed or modified if it requires disclosure of privileged or other protected matter, if there is no exception or waiver applicable, or if the subpoena subjects a person to undue burden.  Fed. R. Civ. P. 45(d)(3)(A).  As the above-referenced standing cases demonstrate, cell phone users have a protected interest in the content of records of their cell phone usage.  *See*, *e.g.*, *Ademiluyi*, Case No. 2:14-cv-00507-MMD-CWH, 2014 U.S. Dist. LEXIS 173739 at **9-10.

A subpoena served under Rule 45 also is considered discovery within the meaning of the FRCP and therefore is subject to Rule 26(b)(1)'s relevance and proportionality requirement.  *In re Loeb & Loeb LLP*, Case No. 19 Misc. Civ. 241 (PAE), 2019 U.S. Dist. LEXIS 97896 at **9-11 (S.D.N.Y. June 11, 2019); *Hughes v. Twenty-First Century Fox, Inc.*, 327 F.R.D. 55, 57 (S.D.N.Y. 2018).  "Any subpoena that is issued to a non-party pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement."  The party issuing the subpoena has the

burden of demonstrating that the information sought is relevant and proportional to the needs of the case.  *In re Loeb & Loeb LLP*, *supra*, at \*\*9-10.

Central to Chen's Privacy Act claim is that, sometime before February 2017, photographs and other unidentified records seized by the FBI during searches of Chen's home and office and other investigatory records, including DHS records about Chen's immigration status, allegedly were disclosed to Fox News.  Chief Rhoads is not mentioned or referenced at all in the Complaint.  His name only appears in the Fox News reports attached to the Complaint.  Chen's pleading does not allege that any of the records purportedly disclosed to Fox News originated from a system of records maintained by DOD.  The Complaint also does not allege that Chief Rhoads's duties and responsibilities at DOD afforded him access to records about Chen maintained in a DOD system of records.  In fact, it does not specifically allege that DOD maintains records on Chen in a system of records.  Nor does it allege that Chief Rhoads' duties and responsibilities at DOD afforded him access to FBI or DHS records about Chen maintained in a system or systems of records at those agencies.  Chen's pleading is devoid of even a single factual allegation linking Chief Rhoads to the disclosure of any Privacy Act protected records. The Complaint did not justify the substantial burden imposed on Chief Rhoads by Chen's first subpoena, and it plainly does not justify the significant violation of Chief Rhoads' privacy imposed on him by the second.

Not only does Chief Rhoads, a non-party, have a recognized privacy interest in his telephone and text message history, but the logs and bills Chen seeks from T-Mobile offer no information about the *content* of any of these communications, which likely number in the thousands if not tens of thousands.  A list of dates, times, and telephone numbers, among other information included in the subpoenaed records, has no relevance to whether DOD intentionally

or willfully disclosed records about Chen maintained in a DOD system of records, an allegation

Chen has not even expressly made.  The subpoenaed records will not offer any important or

meaningful information that will assist in resolving Chen's Privacy Act claim.  Fed. R. Civ. P.

66(b)(1).

Chief Rhoads also already produced non-official capacity emails and texts – not logs of

texts – he sent or received referencing Chen or exchanged with Fox News or the FBI, among

others, and DOD either has or will produce any such official capacity emails and other requested

records.  The violation of Chief Rhoads' privacy rights that will result from the production of the

logs and bills Chen seeks also is in no way proportional to the needs of the case.  Fed. R. Civ. P.

26(b)(1).  This is especially so because Chen's Complaint does not mention Chief Rhoads other

than in the news reports included as attachments.  Seeking this enormous quantity of private *and*

irrelevant records is simply harassment, if not retaliation, for Chief Rhoads' cooperation with the

FBI and his Fox News interview.  To the extent Chen might assert that she cannot exclude from

the subpoena records of calls or texts Chief Rhoads had or exchanged with persons having no

bearing on her claim, that is a problem of her own making caused by choosing such a blunt

instrument for a discovery device.[2]

### D.    T-Mobile Is Prohibited by Law from Disclosing the Content of Texts.

Finally, the subpoena appears to seek the content of texts to or from Chief Rhoads in

addition to logs of texts.  As an electronic communication provider, T-Mobile is required to

comply with the Stored Communication Act (SCA), which prohibits disclosure of the content of

text messages.  *Hawaii Regional Council of Carpenters*, *supra* at *8; 18 U.S.C. § 2702(a)(1).

---

[2]    Under FRCP 45(d)(3), the Court may or even must modify the subpoena to the extent
Plaintiff can demonstrate that the records sought are relevant and proportional to the needs of the
case, although Chief Rhoads disputes that Plaintiff has or will be able to make such a showing.

The SCA does not contain an exception for civil discovery subpoenas. *Id.* Accordingly, the subpoena should be quashed as a matter of law to the extent it seeks the production of the content of any of Chief Rhoads' texts.

## IV.    <u>Conclusion</u>.

For the foregoing reasons, non-party Chief Warrant Officer Stephen J. Rhoads respectfully requests that the Court grant this motion to quash Chen's T-Mobile subpoena and for such other and further relief as this court deems just and proper.

Dated:  New York, New York
        October 14, 2020

_____
Ethan Leonard (EL2497)
The Law Offices of Neal Brickman, P.C.