UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **YANPING CHEN**, <br><br> Plaintiff, <br><br> v. <br><br> **FEDERAL BUREAU OF INVESTIGATION**, *et al.*, <br><br> Defendants. | Case No. 20-mc-107 (CRC) |

## ORDER

In November 2021, this Court granted in part and denied in part Plaintiff Yanping Chen's motion to expand the scope of production as to a subpoena on T-Mobile for certain mobile phone logs of third-party Stephen J. Rhoads. See Chen v. FBI, No. 20-mc-107, 2021 WL 6125379 (D.D.C. Nov. 23, 2021). The Court restricted expansion to numbers associated with certain individuals, but noted that, "[i]f Chen has additional specific numbers she can identify as associated with other, relevant reporters or government officers, then she may seek a further expansion as to those numbers as well." Id. at *4. Chen has taken up that invitation, filing a motion for access to additional phone numbers in Rhoads's phone logs. Rhoads opposes the motion. Having considered the parties' submissions, the Court will grant the motion in part and deny it in part.

As with the prior motions related to the phone logs, the Court is mindful that a party may discover "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). There is also an "affirmative duty to prevent undue burden or expense to the persons subject to the subpoena." Millennium

TGA, Inc. v. Comcast Cable Commc'ns LLC, 286 F.R.D. 8, 11 (D.D.C. 2012) (citing Fed. R. Civ. P. 45).

While the Court previously expanded the scope of the subpoena to include communications made and received during the periods of December 2012 through July 2014, and June 2017 through December 2018, it limited the expansion to phone numbers associated with the following individuals: Catherine Herridge, FBI Special Agent Timothy Pappa, and Major General Peter Lennon. See Chen, 2021 WL 6125379, at *4. Chen now seeks to include the numbers of eleven other individuals within the scope of the subpoena. Once again balancing a liberal relevancy standard for discovery with keeping discovery proportionate to the needs of the case and reducing the burden on Mr. Rhoads, the Court will address each in turn.

Natalie Gross

The Court will **GRANT** the motion as to Natalie Gross. She is a reporter for the Military Times who had contact with both Rhoads and Major General Lennon, and she apparently possessed some of the same images as those published by Fox News in its story on Dr. Chen. See Mot. at 2. While not as directly relevant as Rhoads's contacts with Fox News reporters, addressed below, his communications with other media in combination with government officers are nonetheless relevant.

Other Fox News Reporters

The Court will **GRANT** the motion as to Pamela Browne, Cyd Upson, and Denis King. Both Browne and Upson were on the bylines of the Fox News reports in February, April, and June 2017, along with Catherine Herridge (who is already within the enforceable scope of the subpoena). And King served as the Bureau Chief at Fox News, and Rhoads had contact with him after the two were introduced by Herridge. See Mot. at 3.

SSA-8

The Court will **DENY** the motion as to the FBI agent identified as SSA-8.  Although Chen states that SSA-8 "met with Mr. Rhoads multiple times and communicated with Mr. Rhoads at least once in 2015 via text message," it is entirely unclear how this individual relates to how "her records [wound] up with Fox News[.]"  Chen, 2021 WL 6125379, at *3.

SSA-14

The Court will **DENY** the motion as to the FBI agent identified as SSA-14.  Chen states that this individual was a supervisor at the FBI Washington Field Office.  See Mot. at 3.  SSA-14 and Special Agent Pappa apparently met with Rhoads before 2015 "to 'discourage [Rhoads] from going to the media' about Dr. Chen."  Id. (citing Pappa's Deposition Transcript).  But that is the only interaction Chen identifies between Rhoads and SSA-14.

SA-5

The Court will **DENY** the motion as to the FBI agent identified as SA-5.  This individual also worked with Special Agent Pappa on the Chen investigation, but any connection this person has to the Fox News reporting is again entirely unclear.  Further, Chen identifies just one meeting between SA-5 and Rhoads, as well as Special Agent Pappa.  See Mot. at 4.

IA #1

The Court will **GRANT** the motion as to the agent identified as IA #1.  This individual is a dual agent of the FBI and the military who spoke with Rhoads multiple times and reported their conversations to Major General Lennon.  IA #1 reported in February 2014 that Rhoads had "informed everyone he could think of besides the media on th[e] subject" of Dr. Chen.  See Mot. at 4.

3

### James Gillis, Thomas Pentecost, and Michael Tarantino

The Court will **DENY** the motion as to James Gillis (Assistant U.S. Attorney for the Eastern District of Virginia), Thomas Pentecost (an intelligence officer for the Army Reserves), and Michael Tarantino (a Department of Homeland Security employee). While each is related in some way to the investigation of Dr. Chen, there is no apparent connection between these individuals and Rhoads's communications with the media. For AUSA Gillis, moreover, Chen identifies only one interaction with Rhoads. See Mot. at 4. Likewise for Tarantino, Chen does not point to any communication between him and Rhoads, and Tarantino has testified that he never communicated with Rhoads. Id. at 5 & n.4.

\*   \*   \*

Finally, the Court will address the apparent dispute as to the timing of Rhoads completing redactions of the phone logs. Chen's motion requests that Rhoads complete his redactions "promptly following a decision by the Court with respect to" the above individuals. Mot. at 5. Rhoads's opposition indicates that his processing, reviewing, and redacting of the phone logs could take "several months." See Opp'n at 3. Although Chen notes that, with the prior set of logs, Rhoads apparently took only several weeks to complete redactions, see Chen Reply at 2–3 & n.2, the Court is cognizant that it has expanded the timeframe at issue. Still, it should not take "several months" to complete this process, especially since the Court has denied Chen access to some numbers. To facilitate Rhoads's review, plaintiff's counsel should provide Rhoads's counsel with the actual numbers associated with each new individual, to the extent they are known to plaintiff's counsel.

For these reasons, it is hereby

**ORDERED** that [47] Chen's Motion to Include Additional Phone Numbers for Review in Stephen Rhoads's Phone Logs is **GRANTED IN PART** and **DENIED IN PART**. It is further

**ORDERED** that the motion is granted with respect to phone numbers associated with the following individuals: Natalie Gross, Pamela Browne, Cyd Upson, Denis King, and IA #1. It is further

**ORDERED** that Rhoads shall provide the phone logs to plaintiff's counsel by March 17, 2022. It is further

**ORDERED** that the motion is denied in all other respects.

**SO ORDERED**.

Date: February 10, 2022

CHRISTOPHER R. COOPER
United States District Judge